SCOTT C. MOORE (CA SBN 203181)
smoore@mofo.com
**MORRISON & FOERSTER LLP**
555 West Fifth Street
Los Angeles, California 90013-1024
Telephone: (213) 892-5200
Facsimile: (213) 892-5454

ROBERT S. MALLIN (admitted *pro hac vice*)
rmallin@brinkshofer.com
DOMINIC P. ZANFARDINO (admitted *pro hac vice*)
dzanfardino@brinkshofer.com
DANIELLE ANNE PHILLIP (admitted *pro hac vice*)
dphillip@brinkshofer.com
STEPHANIE J. FELICETTY (admitted *pro hac vice*)
sfelicetty@brinkshofer.com
BRYAN J. LEITENBERGER (admitted *pro hac vice*)
bleitenberger@brinkshofer.com
**BRINKS HOFER GILSON & LIONE**
NBC Tower - Suite 3600
455 N. Cityfront Plaza Drive
Chicago, Illinois 60611
Telephone:  (312) 321-4200
Facsimile:  (312) 321-4299

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| DR. DAVID KANNAR,<br><br>    Plaintiff,<br><br>    v.<br><br>ALTICOR INC., et al.,<br><br>    Defendants. | Case No. 2:09-cv-2500 PSG-VBK<br><br>**MEMORANDUM IN SUPPORT OF DEFENDANTS' NOTICE OF MOTION AND MOTION TO MODIFY SCHEDULING ORDER AND MOTION FOR LEAVE TO FILE DEFENDANTS' SECOND AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**<br><br>Date:    Monday, March 8, 2010<br>Time:   1:30 p.m.<br><br>Hon. Philip S. Gutierrez |

1

## I. INTRODUCTION

Defendants seek an order modifying the deadline for amending the pleadings in this case, in order to allow Defendants to file their Second Amended Answer, Affirmative Defenses, and Counterclaims ("Second Amended Answer") to include an affirmative defense and counterclaim based on Plaintiff's inequitable conduct before the United States Patent and Trademark Office ("USPTO") during the prosecution of United States Patent No. 7,425,342 ("the '342 patent"). Defendants' inequitable conduct affirmative defense and counterclaim arise out of information recently discovered by Defendants during the December 11-17, 2009 depositions of Plaintiff and third-party witnesses residing in Australia ("Australian Witnesses"). Plaintiff identified the Australian Witnesses as having knowledge of important facts. Following these depositions, Defendants held a meet and confer with Plaintiff's counsel on December 29, 2009 requesting Plaintiff's written consent for leave to amend Defendants' pleadings. Plaintiff has not granted his consent as of the time of this filing.[1]

## II. BACKGROUND

On December 8, 2008, Plaintiff filed this action against Defendants in the Northern District of California alleging that Defendants infringe the '342 patent by making, using, offering to sell or selling within the United States and/or importing into the United States NUTRILITE® Garlic Heart Care Formula supplements. (D.I. 1, ¶ 13). Defendants filed their initial Answer and Affirmative Defenses on January 30, 2009. (D.I. 15).

After this action was transferred to the Central District of California, this Court entered its Scheduling Order on July 9, 2009. (D.I. 57). Under this Court's

---

[1] On the morning of January 8, 2010, Defendants' counsel again corresponded with Plaintiff's counsel to determine if Plaintiff would stipulate to Defendants filing their amended pleadings. (Leitenberger Decl., ¶ 3; Ex. A).

2

Scheduling Order, the last day to amend pleadings was August 13, 2009. *Id*. Additionally, the last day for discovery is January 27, 2010. *Id*.

On August 13, 2009, the Parties stipulated that, subject to the Court's approval, this Court grant permission to Defendants to amend their pleadings to include affirmative defenses of incorrect inventorship, Defendants' ownership of the '342 patent, and equitable estoppel; and counterclaims for invalidity, noninfringement, and ownership of the '342 patent. (D.I. 65). On August 25, 2009, with the Court's approval, Defendants filed their First Amended Answer, Affirmative Defenses, and Counterclaims ("First Amended Answer"). (D.I. 69). Plaintiff later added his own counterclaims in reply to Defendants' counterclaims. (D.I. 78).

Since discovery commenced, Defendants have made several attempts to schedule the depositions of Plaintiff and Plaintiff's Australian Witnesses.[2] Defendants initially noticed the deposition of Plaintiff for September 24, 2009 in Los Angeles, California. (Leitenberger Decl., ¶ 4; Ex. B). Plaintiff's counsel proposed rescheduling the deposition for October 5, 2009 in Northern California. (*Id*., ¶ 5; Ex. C). Due to a scheduling conflict on October 5 and Plaintiff's availability to be deposed in the United States, Defendants re-noticed the deposition for November 5, 2009 at a location near San Francisco, which accommodated both Plaintiff and his counsel. (*Id*. ¶ 6; Ex. D). On October 29, 2009, Plaintiff cancelled the deposition indefinitely, apparently because Plaintiff injured his knee and could not travel from Australia to the United States. (*Id*. ¶ 7;

---

[2] Plaintiff's Australian witnesses include: Nick Diamantopoulos, Ray Durrant, Professor David Leach, Wayne McMaster, and Shyama Jayaswal. Each of these individuals was identified by Plaintiff in a declaration that Plaintiff filed in support of his opposition to Defendants' motion to transfer this case from the Northern District of California to the Western District of Michigan. (D.I. 19; D.I. 20). Plaintiff's representations about their knowledge, and that they would be attending trial, made their depositions necessary.

3

Ex. E). When Defendants attempted to reschedule the deposition (*Id.*, ¶ 8), Plaintiff (through counsel) responded that he was unable to travel to the United States due to his knee injury, but provided no alternative date. (*Id.*, ¶ 9).

To accommodate Plaintiff, Defendants offered to take Plaintiff's deposition in Australia in conjunction with the scheduled depositions of Plaintiff's Australian Witnesses. (*Id.*, ¶ 10). Defendants deposed Plaintiff and his Australian Witnesses in Melbourne, Australia during December 11-17, 2009. (*Id.*, ¶ 11).[3]

Shortly after returning to the United States, Defendants' counsel telephonically met and conferred with Plaintiff's counsel on December 29, 2009 to request Plaintiff's consent for leave to file Defendants' Second Amended Answer. (*Id.*, ¶ 12). Plaintiff has not granted his consent as of the time of this filing.

---

[3] In addition to their ongoing requests to schedule Plaintiff's deposition, Defendants made several inquiries to Plaintiff regarding document discovery from his Australian Witnesses (*i.e.*, Diamantopoulos, Durrant, Leach, McMaster, and Jayaswal). In particular, on August 14, 2009, Defendants served through Plaintiff's counsel document requests on the Australian Witnesses. (Leitenberger Decl., ¶ 13). None of the Australian Witnesses served discovery responses or objections within the 30 days specified in the document requests. *Id.* Instead, through Plaintiff's counsel, documents were produced on October 26 by McMaster and Jayaswal, on November 2 by Leach, on November 20 by Durrant, and on December 11 by Diamantopoulos (the day before his deposition). *Id.*

Regarding scheduling the depositions of the Australian Witnesses, Defendants began as early as August 24, 2009 requesting a range of dates for these witnesses. (Id., ¶ 14; Ex. F). Defendants requested dates when these witnesses could be deposed on consecutive (or near consecutive days), as it would be cost prohibitive to make multiple trips to Australia. Plaintiff claimed to be unable to find a time window before December when all five Australian witnesses would be available to sit for their depositions. (Id., ¶ 15; Ex. G).

4

### III. THIS COURT SHOULD GRANT TO DEFENDANTS LEAVE TO FILE THEIR SECOND AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

Defendants' proposed Second Amended Answer, which is being filed separately and under seal,[4] includes one new affirmative defense and one new counterclaim relating to the unenforceability of the '342 patent by virtue of Plaintiff's inequitable conduct before the USPTO during the prosecution of the '342 patent. The bases for Defendants' inequitable conduct affirmative defense and counterclaim are that, given Plaintiff's position regarding the scope and meaning of the claims in the '342 patent, Plaintiff intentionally:

   a. failed to identify the true inventor (or at least a co-inventor) of the claimed subject matter;
   b. failed to disclose material prior art;
   c. made false and misleading statements in the '342 patent specification and to the USPTO during the prosecution of the '342 patent application; and
   d. concealed the best mode for practicing the claimed invention.

#### A. THERE IS GOOD CAUSE TO MODIFY THE COURT'S SCHEDULING ORDER

Since the deadline for amending pleadings has passed, modifications to the scheduling order must be accompanied by "good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

---

[4] A number of statements within Defendants' proposed Second Amended Answer reference information gathered at the December 11-17, 2009 depositions of Plaintiff and Plaintiff's Australian Witnesses. Pursuant to paragraph 5 of the Protective Order in this action, the information referenced in Defendants' proposed Second Amended Answer "is to be treated as 'CONFIDENTIAL- ATTORNEYS' EYES ONLY' for a period of time not to exceed 30 days after the completion of the deposition . . ." (D.I. 71, ¶ 5). Defendants' proposed Second Amended Answer is being filed within 30 days of the completion of the December 11-17 depositions.

Good cause exists for modifying the scheduling order.  Until Plaintiff made himself and his Australian Witnesses available for deposition in Australia during mid-December, Defendants were not aware of several key facts forming the basis for their allegations of inequitable conduct, as outlined in Defendants' proposed Second Amended Answer.  Defendants were not responsible for any delay in the taking of these depositions.  Defendants attempted on several occasions to schedule these depositions.  (Leitenberger Decl., ¶¶ 4-10, 14-15).  After Plaintiff cancelled his deposition scheduled for early November due to his apparent knee injury, he claimed to be unable to provide a new date when he could be deposed in the United States.  (*Id.* ¶ 7).  To move things along and accommodate Plaintiff, Defendants deposed Plaintiff in Australia while there for the depositions of the Australian Witness.  (*Id.*, ¶ 10).

Defendants have been diligent in seeking leave to file their amended pleadings.  Only twelve calendar days (counting two weekends and the holiday) after the last deposition taken in Australia, Defendants' counsel met and conferred with Plaintiff's counsel per L.R. 7-3 to request Plaintiff's consent for leave to file Defendants' Second Amended Answer.  (*Id.*, ¶ 12).

### B. DEFENDANTS' PROPOSED AMENDMENT TO THE PLEADINGS IS PROPER UNDER THE PRESENT CIRCUMSTANCES

Under the present circumstances, Defendants' request to amend their pleadings is proper under Federal Rule of Civil Procedure 15(a).  "The Ninth Circuit has held that Rule 15's policy of favoring amendments should be applied with 'extreme liberality' and that absent bad faith, futility, undue prejudice or excessive delay, motions for leave to amend should generally be granted." *Calmar, Inc. v. Emson Research*, 850 F. Supp. 861, 864 (C.D. Cal. 1994) (citations omitted).  The facts and circumstances underlying this motion easily satisfy this liberal standard.  In fact, a court is free to grant leave to amend the pleadings near or after the close of discovery.  *See, e.g.*, *ICU Medical, Inc., v. RyMed Techs., Inc.*,

6

No. 07-468, 2009 U.S. Dist. LEXIS 117353 at *8-9 (D. Del. Dec. 16, 2009) (allowing defendant to amend their pleading to include a defense of inequitable conduct based on new facts obtained shortly before the close of discovery).

There has been no undue delay in Defendants' motion for leave to amend their pleadings. As discussed above in Section III.A., Defendants did not become aware of several key facts forming the basis for their allegations of inequitable conduct until Plaintiff presented himself and his Australian Witnesses for depositions during December 11-17, 2009.

There is no bad faith motive on the part of Defendants by moving to amend their pleadings at this time. Defendants do not plead inequitable conduct lightly. Indeed, the Federal Circuit has frowned upon defendants who plead inequitable conduct as a matter of course. *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1331 (Fed. Cir. 2009). Instead, pursuant to Federal Rule of Civil Procedure 9(b), inequitable conduct must be pled with particularity and the allegations must set forth the "who, what, when, where, and how" associated with the inequitable conduct. *Id.* at 1326-27. Defendants have done just that based on what they only recently uncovered during the depositions taken December 11-17. Given the requirement that inequitable conduct be plead with particularity, Defendants could not have plead this defense and counterclaim before taking these depositions.

Allowing Defendants to file their Second Amended Answer at this time will not create for Plaintiff any undue prejudice, as Plaintiff already is in possession of the facts relevant to Defendants' inequitable conduct affirmative defense and counterclaim. Indeed, it is Plaintiff's own actions that form the basis for Defendants' proposed amendment. No additional discovery is required by Plaintiff. Each new allegation pled in Defendants' Second Amended Answer is based on information recently learned through the depositions of Plaintiff and his Australian Witnesses, as well as Plaintiff's own document production and written

7

discovery responses. Therefore, amending Defendants' pleading to add the affirmative defense and counterclaim of inequitable conduct creates no undue prejudice on Plaintiff.

Additionally, Defendants have no dilatory motive in filing this motion for leave, as they are not attempting to delay or postpone the trial date through this motion. Defendants' proposed amendments are not futile, as the Defendants have pled with particularity the bases supporting their inequitable conduct affirmative defense and counterclaim, stating their claim upon which relief can be granted. Furthermore, leave to amend should not affect the schedule currently set by the Court.

**IV.   BECAUSE OF THE REQUIREMENT THAT INEQUITABLE CONDUCT BE PLEAD WITH PARTICULARITY, AND THE FACT THAT THE DEPOSITIONS IN AUSTRALIA CONTAIN MATERIAL THAT IS CONFIDENTIAL UNDER THE PROTECTIVE ORDER, CERTAIN PORTIONS OF DEFENDANTS' PROPOSED SECOND AMENDED ANSWER MUST BE FILED UNDER SEAL. DEFENDANTS THEREFORE REQUEST THAT THE COURT ORDER THAT THE PROPOSED SECOND AMENDED ANSWER BE FILED UNDER SEAL, AND THAT A REDACTED VERSION BE FILED IN THE TRADITIONAL MANNER.**

Justice is served by permitting Defendants to amend their pleadings. Defendants have demonstrated good cause. Their proposed amendment alleging with particularity the inequitable conduct affirmative defense and counterclaim is based on recently discovered evidence that Defendants pursued with diligence. Defendants are not responsible for any delay in the collection of this evidence. Accordingly, Defendants respectfully request that the Court grant Defendants' motion for leave to file Defendants' Second Amended Answer.

1
2  Dated: January 8, 2010            Respectfully submitted,
3
4                          By:   /s/ Bryan J. Leitenberger
                                 Scott C. Moore
5                                **MORRISON & FOERSTER LLP**

6                                Robert S. Mallin
                                 Dominic P. Zanfardino
7                                Danielle Anne Phillip
                                 Stephanie J. Felicetty
8                                Bryan J. Leitenberger
                                 **BRINKS HOFER GILSON & LIONE**
9
                                 *Attorneys for Defendants*
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

9