O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#100

CIVIL MINUTES - GENERAL

| Case No. | CV 09-2500 PSG (VBKx) | Date | March 10, 2010 |
|---|---|---|---|
| Title | Dr. David Kannar v. Alticor Inc. *et al.* | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | | |
|---|---|---|---|
| Wendy K. Hernandez | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):        Attorneys Present for Defendant(s):

Not Present                                          Not Present

**Proceedings:**    (In Chambers) Order Granting Defendants' Motion to Modify Scheduling Order and Motion for Leave to File Defendants' Second Amended Answer, Affirmative Defenses, and Counterclaims

Pending before the Court are Defendants' Motion to Modify Scheduling Order and Motion for Leave to File Defendants' Second Amended Answer, Affirmative Defenses, and Counterclaims. The Court finds these matters appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the moving and opposing papers, the Court GRANTS Defendants' motions.

I.    Background

Defendants Alticor Inc., Amway Corp., Quixtar, Access Business Group LLC, and Nutrilite (collectively, "Defendants") move to modify the Scheduling Order and seek leave to file an amended answer. The amendment would include an affirmative defense and a counterclaim for inequitable conduct, based upon information gathered during depositions of Plaintiff and several of Plaintiff's Australian witnesses. *See Mot.* 2:2-11.

On December 8, 2008, Plaintiff David Kannar ("Plaintiff") filed suit against Defendants for infringing his patent, United States Patent No. 7,425,342 ("the '342 patent"). The '342 patent concerns an odourless garlic supplement with an enteric coating and deodorising layer. *See Compl.* ¶ 12. On July 9, 2009, the Court entered the following Scheduling Order:

| Add Parties/Amend Pleadings Cut-Off (Doe defendants are dismissed as of this cut-off | 8-13-09 |
|---|---|

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#100

CIVIL MINUTES - GENERAL

| Case No. | CV 09-2500 PSG (VBKx) | Date | March 10, 2010 |
|---|---|---|---|
| Title | Dr. David Kannar v. Alticor Inc. *et al.* | | |

| date): | |
|---|---|
| All Discovery Cut-Off: | 1-27-10 |
| Motion Filing Cut-Off: | 2-26-10 |
| Final Pretrial Conference (2:30 p.m.): | 4-12-10 |
| Jury Trial (9:00 a.m.): | 4-27-10 |

Dkt. #57. On August 25, 2009, pursuant to a Court-approved stipulation, Defendants filed a First Amended Answer, Affirmative Defenses, and Counterclaims ("FAA"), which added the affirmative defenses of incorrect inventorship, ownership of the '342 patent, and equitable estoppel as well as counterclaims for invalidity, noninfringement, and ownership of the '342 patent. *See* Dkt. #69. Following the filing of the FAA, the parties began noticing and taking depositions. *See Opp.* 1:25-26.

During discovery, Defendants attempted to obtain relevant documents and depose several material witnesses. Plaintiff is a resident of Australia, *see Compl.* ¶ 1, and Defendants sought to depose Plaintiff and Plaintiff's Australian witnesses ("the Australian witnesses").[1] Defendants initially noticed the deposition of Plaintiff for September 24, 2009, but Plaintiff's counsel rescheduled the deposition for October 5, 2009. *See Mot.* 3:12-17. The deposition was later rescheduled for November 5, 2009 due to a scheduling conflict and Plaintiff's availability for deposition in the United States. *See id.* at 3:17-20. However, Plaintiff later canceled the deposition indefinitely on October 29, 2009, when a knee injury apparently precluded travel to the United States. *See id.* at 3:20-22. The deposition was finally set to coincide with depositions of the Australian witnesses in Australia, and Defendants deposed Plaintiff and the Australian witnesses from December 11-17, 2009 ("the Australian depositions"). *See id.* at 4:4-7.

On January 8, 2010, Defendants filed a Motion to Modify Scheduling Order and Motion for Leave to File Defendants' Second Amended Answer, Affirmative Defenses, and Counterclaims. The proposed Second Affirmative Answer, Affirmative Defenses, and Counterclaims ("SAA"), filed under seal, includes allegations of inequitable conduct. On February 12, 2010, Plaintiff filed an Opposition, followed by Defendants' Reply on February 22, 2010.

---

[1] The Australian witnesses include: Nick Diamantopoulos, Ray Durrant, Professor David Leach, Wayne McMaster, and Shyama Jayaswal. *See Mot.* 3 n.2.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#100

CIVIL MINUTES - GENERAL

| Case No. | CV 09-2500 PSG (VBKx) | Date | March 10, 2010 |
|---|---|---|---|
| Title | Dr. David Kannar v. Alticor Inc. *et al.* | | |

II.   Legal Standard

At the early stages of litigation, a party that is ineligible to amend as a matter of course may amend the pleadings only after obtaining leave of the court or by consent of the adverse party.  *See* Fed. R. Civ. P. 15(a)(2).  The policy of Rule 15(a) "is to be applied with extreme liberality," *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (citation omitted), and leave to amend should be "freely" granted "when justice so requires," Fed. R. Civ. P. 15(a)(2).  However, once a court enters a pretrial scheduling order, motions for leave to amend the pleadings are governed by Federal Rule of Civil Procedure 16.  *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992).

Under Rule 16, a party seeking to amend a pleading after the date specified in a scheduling order must first show "good cause" for modifying the scheduling order.  *See id.* at 609 ("Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." (citation omitted)).  Upon a showing of "good cause," the party seeking amendment must then demonstrate that amendment is proper under Rule 15(a).  *See id.* at 607.

III.   Discussion

Defendants move to modify the Scheduling Order and for leave to file the SAA on the grounds that (1) good cause exists for modifying the Scheduling Order and (2) leave to amend should be granted.

   A.   Good Cause

In order to justify modification of the Scheduling Order, Defendants must demonstrate diligence in seeking the amendment.  *See Mammoth*, 975 F.2d at 609.  Defendants argue that the proposed inequitable conduct defense and counterclaim are made on the basis of information obtained during the Australian depositions.  *See Mot.* 6:1-5.  Defendants claim that the information obtained during the Australian depositions was essential to satisfy the heightened pleading required to allege inequitable conduct, which was imposed recently by the Federal Circuit in *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1331 (Fed. Cir. 2009). Defendants argue that they were diligent in obtaining this information in light of several delays

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#100

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2500 PSG (VBKx) | Date | March 10, 2010 |
|---|---|---|---|
| Title | Dr. David Kannar v. Alticor Inc. *et al.* | | |

in deposing Plaintiff, *see Leitenberger Decl.* ¶¶ 5-11, and that they were diligent in seeking amendment after the depositions because the parties met and conferred on the Motion on December 29, *see id.* ¶ 12. In addition to the delays in deposing Plaintiff in Australia, Defendants allegedly had difficulty obtaining discovery responses from the Australian witnesses prior to the Australian depositions. *See Mot.* 4 n.3 ("None of the Australian Witnesses served discovery responses or objections within the 30 days specified in the document requests. Instead, though Plaintiff's counsel, documents were produced on October 26 by McMaster and Jayaswal, on November 2 by Leach, on November 20 by Durrant, and on December 11 by Diamantopoulos (the day before his deposition).").

In the Opposition, Plaintiff contends that Defendants already possessed sufficient information to amend the FAA prior to the amendment cut-off. *See Opp.* 1:13-15 ("Defendants have been in possession of the underlying information for months while the deadline or amending pleadings passed and the parties noticed and completed various discovery."); *see also id.* at 6:20-24 ("In summary, *none* of the information which Defendants purportedly discovered at the Australia depositions is in fact new . . . . [T]hey have no excuse for waiting to take Dr. Kannar's deposition on these very subjects before making such allegations."). Plaintiff also argues that "Defendants' Motion never specifies what [the] 'key facts' actually are" that were discovered during the Australian depositions, and that the proposed SAA does not include any information that was not known to Defendants prior to the Australian depositions. *See id.* 2:26-3:2. Plaintiff is correct that the Motion does not identify the specific information obtained during the depositions or discuss the particular allegations made in the SAA. However, in the Motion, Defendants clarify that the information obtained during the depositions was subject to a protective order at the time of the filing of the Motion, which required Defendants to keep such information confidential for 30 days after the deposition. *See id.* at 5 n.4 (citing Dkt. #71, ¶ 5). The Motion was filed within 30 days of the December 11-17, 2009 depositions, *see id.*, and the Court will not penalize Defendants for complying with the protective order.

In the proposed SAA, Defendants intend to plead inequitable conduct on the grounds that (1) Plaintiff intentionally failed to identify the true inventor or co-inventor of the subject matter claimed in the '342 patent, (2) Plaintiff intentionally failed to disclose material prior art, (3) Plaintiff intentionally made false and misleading statements in the '342 patent specification and to the United States Patent and Trademark Office ("PTO"), and (4) Plaintiff intentionally concealed the best mode for practicing the claimed invention. *See* SAA ¶ 9. With regard to each

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#100**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2500 PSG (VBKx) | Date | March 10, 2010 |
|---|---|---|---|
| Title | Dr. David Kannar v. Alticor Inc. *et al.* | | |

of these grounds,[2] Defendants have provided sufficient justification for waiting until now to amend the FAA.

      1.      <u>Incorrect Inventorship</u>

Plaintiff argues that Defendants already had sufficient information to assert a claim for inequitable conduct on the grounds of failure to disclose the true inventor of the subject matter of the '342 patent because Defendants already asserted an affirmative defense of incorrect inventorship in the FAA. *See Opp.* 3:9-13 (citing *FAA*, at 7, ¶ 6). However, the incorrect inventorship affirmative defense in the FAA involved a single sentence allegation. The pleading requirements for inequitable conduct are significantly more demanding. In *Exergen Corp.*, 575 F.3d 1312, the Federal Circuit held that the heightened pleading requirements of Federal Rule of Civil Procedure 9(b) apply to claims of inequitable conduct in patent cases.[3] *See id.* at 1327 ("[W]e hold that in pleading inequitable conduct in patent cases, Rule 9(b) requires identification of the specific who, what, when, where, and how of the material misrepresentation or omission committed before the PTO."). As the substantive elements of inequitable conduct include, *inter alia*, a "specific intent" to deceive the PTO, *see id.* at 1327 n.3, Defendants were obligated to present sufficient allegations that Plaintiff intended to deceive the PTO when he allegedly identified the incorrect inventor on the application.

Plaintiff argues that Defendants had deposed Ruo Huang, the alleged co-inventor, and that Ruo Huang testified that "she considered herself 'part of' Dr. Kannar's invention." *See Opp.* 3:15-17. Plaintiff also provides documents under seal that were produced by Defendants in the case, *see Su Decl.*, ¶¶ 6-11, Exs. C-G, which purportedly show that Defendants "knew long before December 2009 that the employee in question was Ruo Huang and which Claims were allegedly affected." *Id.* 3:14-15. However, the cited portion of the Huang deposition and the documents offered by Plaintiff do not specifically relate to Plaintiff's state of mind. Defendants argue that it was not until the December 11, 2009 deposition that Plaintiff "admitted that Dr.

---

    [2] Defendants are not required to justify the amendment as to each ground of inequitable conduct in order to demonstrate good cause.

    [3] Plaintiff's reliance on *iRise v. Axure Software Solutions, Inc.*, No. 08-3601, 2009 WL 3615973 (C.D. Cal. July 30, 2009), is misplaced because the case was decided before the Federal Circuit clarified the pleading standards for inequitable conduct in *Exergen*, 575 F.3d 1312.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#100**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2500 PSG (VBKx) | Date | March 10, 2010 |
|---|---|---|---|
| Title | Dr. David Kannar v. Alticor Inc. *et al.* | | |

Huang ("who") provided him ("who") with the information for claims 9, 10, 15, and 16 by fax in the days before he filed his application ("how," "what," and "when")."). *Reply* 4:7-10.  As Defendants was required to allege that Plaintiff acted with a specific intent to deceive the PTO, it was reasonable for Defendants to wait assert inequitable conduct until Plaintiff was deposed.

        2.        <u>Withholding of Material Prior Art</u>

Plaintiff claims that Defendants had sufficient grounds for alleging inequitable conduct based on Plaintiff's alleged withholding of material prior art from the PTO.  The prior art in question is Defendants Garlic Heart Care Formula supplements, and Plaintiff contends that Defendants should have known that their product was being sold prior to the priority date of the '342 patent.  *See Opp.* 4:8-11.  While these facts suggest that Plaintiff may have withheld material information from the PTO, they do not indicate that Plaintiff acted with the specific intent to deceive the PTO.  As discussed, Defendants are required to plead inequitable conduct with particularity under *Exergen*.  As Defendants describe in the Reply, they obtained a concession from Plaintiff during the December 11, 2009 deposition that is suggestive of Plaintiff's state of mind—Plaintiff admitted that he knew that Defendants' garlic tablets were on the market in the United States prior to filing his Patent Cooperation Treaty application.  *See Reply* 5:13-17; *Leitenberger Supp. Decl.* ¶ 6, Ex. B, at 50:16-24 (transcript of December 11, 2009 deposition of Plaintiff).  Therefore, Defendants were justified in waiting to amend the FAA until after obtaining certain information from Plaintiff to satisfy the heightened pleading requirements for inequitable conduct.

        3.        <u>False or Misleading Statements</u>

Defendants also assert inequitable conduct on the grounds that Plaintiff allegedly made false or misleading statements to the PTO.  Defendants' allegations are based on claims made in the '342 patent specification that the invention "dramatically" and "substantially" reduced garlic breath on the basis of testing data.  *See* Reply 8:10-13.  Plaintiff claims that Defendants could have pleaded inequitable conduct by simply comparing the '342 patent specification and the results of the breath analysis study.  *See Opp.* 5:14-16.  However, Defendants argue that the new allegations are based upon documents and testimony obtained by Professor David Leach, one of the Australian witnesses.  *See Reply* 7:2-5, 7:12-14, 8:3-5.  Therefore, Defendants did not unnecessarily delay in amending the answer to assert inequitable conduct on the basis of Plaintiff's alleged false or misleading statements.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#100**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2500 PSG (VBKx) | Date | March 10, 2010 |
|---|---|---|---|
| Title | Dr. David Kannar v. Alticor Inc. *et al.* | | |

    4.    <u>Failure to Disclose Best Mode</u>

Finally, Defendants base their inequitable conduct claim on Plaintiff's alleged failure to disclose to the PTO the best mode of practicing the invention. *See* Dkt. #107, at 20, ¶¶ 71-72. Again, Plaintiff argues that "Defendants have had possession of and access to all documents and relevant information related to the April communications between Ruo Huang and Dr. Kannar since before the August 2009 amendment deadline." *Opp.* 6:8-10. However, as described previously, Defendants are obligated to allege with particularity that Plaintiff acted with the specific intent to deceive the PTO. *See Exergen*, 575 F.3d at 1327 n.3. During his December 11, 2009 deposition, Plaintiff stated that he received formula and manufacturing instructions from Ruo Huang and that this process was the best mode for manufacturing the invention. *See Reply* 8:26-9:5. This information is incorporated into the proposed SAA. *See* Dkt. #107, at 20, ¶72. Therefore, Defendants did not delay in amending the answer by waiting until Plaintiff's deposition.

    5.    <u>Conclusion</u>

Defendants have provided sufficient justification for seeking amendment of the answer after the cut-off date for amendments. First, Defendants were unable to take Plaintiff's deposition earlier than December 11, 2009 due to a series of delays. Second, Defendants are required to plead inequitable conduct with particularity under *Exergen*, 575 F.3d at 1327. Inexplicably, Plaintiff fails to even mention the *Exergen* case or the heightened pleading requirement for inequitable conduct. As the Court finds that Defendants have shown good cause, the Court GRANTS Defendants' motion to modify the Scheduling Order.

    B.    <u>Leave to Amend</u>

In addition to satisfying the Rule 16(b) requirement of good cause, Defendants must demonstrate that leave to amend is warranted under Rule 15. *See Mammoth*, 975 F.2d at 607. Under Rule 15(a)(2), leave to amend is to be freely granted "when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend should generally be granted "absent bad faith, futility, undue prejudice or excessive delay." *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 941 (9th Cir. 2006). In this case, Plaintiff does not present any arguments regarding the factors of bad faith or futility. *See Opp.* 10:8-9 ("As explained above, *at least* the factors of undue delay and prejudice apply with full force to deny Defendants' Motion under Rule 15(a)(2).").

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#100**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2500 PSG (VBKx) | Date | March 10, 2010 |
|---|---|---|---|
| Title | Dr. David Kannar v. Alticor Inc. *et al.* | | |

  Furthermore, the Court does not find any evidence of undue delay or undue prejudice. First, the Court has determined that Defendants have shown good cause for modifying the Scheduling Order.  Defendants' have demonstrated sufficient diligence in pursuing the depositions of Plaintiff and in seeking amendment.  Thus, granting leave to amend will not cause any *undue* delay in this case.  Second, Plaintiff has not demonstrated any undue prejudice if the motion is granted.  In arguing that the proposed amendment will prejudice him, Plaintiff states in conclusory terms that further discovery will be required.  *See Opp.* 10:13-15 ("The injection of the inequitable conduct defenses into the case, being fact-intensive by nature, will require further discovery and derail the current schedule for this case.").  Defendants, however, contend that no further discovery will be required because the amendment is based upon information obtained through the Australian depositions and Plaintiff's own document production.  *See Mot.* 7:24-8:3; *Reply* 12:5-14 (noting that the inequitable conduct allegations are based upon "Plaintiff's own actions or information already within Plaintiff's possession").  As the information relied upon in the amendment is within the Plaintiff's possession, granting leave to amend will not prejudice Plaintiff.  For these reasons, the Court GRANTS Defendants' motion for leave to file a Second Amended Answer, Affirmative Defenses, and Counterclaims.

IV. Conclusion

  Based on the foregoing, the Court GRANTS Defendants' motions to modify the Scheduling Order and to file a Second Amended Answer, Affirmative Defenses, and Counterclaims.  Within **five days** of the date of this Order, Defendants shall file (1) an amended answer under seal and (2) a redacted, public version of the amended answer, from which all confidential material has been removed.

  **IT IS SO ORDERED.**